UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRIMMWAY ENTERPRISES, INC. D/B/A GRIMMWAY FARMS, a California corporation, and CALAVO GROWERS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NEW ENGLAND ORGANICS, INC., a Massachusetts corporation; EUGENE FABIO, an individual; FAUST FABIO, an individual; and JOHN FORD, an individual,<br><br>Defendants. | Civil Action No. |

**CIVIL ACTION COMPLAINT**

For their Civil Action Complaint, Plaintiffs respectfully state:

**THE PARTIES**

1. Plaintiffs are:

    a) Grimmway Enterprises, Inc. d/b/a Grimmway Farms ("Grimmway"), a California corporation with its principal place of business located at 6900 Mountainview Road, Bakersfield, California.

    b) Calavo Growers, Inc. ("Calavo Growers"), a California corporation located at 1141A Cummings Road, Santa Paula, California.

2. Plaintiffs are engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3.  Defendants are:

   a)  New England Organics, Inc. ("New England Organics"), a Massachusetts corporation with its principal place of business located in Chelsea, Massachusetts. New England Organics is a dealer and commission merchant subject to the Perishable Agricultural Commodities Act, 1930 ("PACA").[1]

   b)  Eugene Fabio ("E. Fabio"), who resides in Auburndale, Massachusetts. E. Fabio is the Treasurer, Director, and Principal of New England Organics, and in that capacity controlled or was in a position to control the assets of New England Organics.

   c)  Faust Fabio ("F. Fabio"), who resides in Watertown, Massachusetts. F. Fabio is the Secretary, Director, and Principal of New England Organics, and in that capacity controlled or was in a position to control the assets of New England Organics.

   d)  John Ford ("Ford"), who resides in Chelsea, Massachusetts. Ford is the President, Director, and Principal of New England Organics, and in that capacity controlled or was in a position to control the assets of New England Organics.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action in accordance with 28 U.S.C. §1331 because Plaintiffs' claims arise under 7 U.S.C. §499e(c)(5) and 7 U.S.C. §499e(b)(2). 28 U.S.C. §1367(a) provides this Court with supplemental jurisdiction over Plaintiffs' other claims.

5.  A substantial part of the events and omissions underlying this lawsuit occurred in this District, and the property that is the subject of this action is located here. Venue in this District is therefore proper under 28 U.S.C. §1391(b).

---

[1] 7 U.S.C. §§499a-499t.

CLAIMS FOR RELIEF

COUNT I:  DEFENDANT NEW ENGLAND ORGANICS

DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. §499e(c)*

6. Plaintiffs re-allege ¶¶1 through 5.

7. New England Organics was a commission merchant, dealer or broker subject to PACA, and held PACA license number 20040578 issued by the United States Department of Agriculture.

8. Plaintiffs sold to New England Organics in interstate commerce, and New England Organics purchased from Plaintiffs, Produce in the total amount of $41,238.95, calculated as follows:

| PLAINTIFFS | SALES DATE | AMOUNT DUE |
|---|---|---|
| Grimmway Farms | May 30 – June 19, 2009 | $ 28,535.95 |
| Calavo Growers | March 10 – September 24, 2009 | $ 12,703.00 |

9. Plaintiffs delivered the Produce to New England Organics, which accepted it.

10. According to PACA,[2] at the time New England Organics received the Produce, it became trustee of the PACA trust for the benefit of Plaintiffs in the amount of $41,238.95.

11. The *res* of the PACA trust includes New England Organics' inventories of Produce, food or products derived from Produce ("Products"), accounts receivable,

---

[2] 7 U.S.C. §499e(c)

proceeds of the sale of Produce or Products ("Proceeds"), and assets commingled with, purchased with or otherwise acquired with Proceeds. Assets subject to the PACA trust are hereinafter referred to as "PACA Trust Assets."

12. At the time of the sales underlying this lawsuit, Grimmway Farms held valid PACA license number 19930495 issued by the USDA.

13. At the time of the sales underlying this lawsuit, Calavo Growers held valid PACA license number 20021250 issued by the USDA.

14. Plaintiffs gave written notice of their intent to preserve trust benefits to New England Organics by including the statutory language required by 7 U.S.C. §499e(c)(4) on each of their invoices, and by sending those invoices to New England Organics.

15. New England Organics failed to pay for the Produce sold to it by Plaintiffs.

16. According to 7 U.S.C. §499e(c), Plaintiffs are unpaid suppliers and sellers of Produce that are entitled to PACA trust protection and payment from New England Organics PACA Trust Assets.

17. Plaintiffs seek entry of an Order declaring that they hold valid PACA trust claims in the amount of $41,238.95 against New England Organics, and that their valid PACA trust claim includes interest from the date each invoice became past due, costs and attorneys' fees.

### COUNT II:  DEFENDANT NEW ENGLAND ORGANICS

<u>**ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS**</u>
*7 U.S.C. §499e(c)*

18. Plaintiffs re-allege ¶¶1 through 17.

19. New England Organics is in possession, custody and control of PACA Trust Assets that must be held for Plaintiffs' benefit.

20. New England Organics failed to use the PACA Trust Assets to pay to Plaintiffs for sales of Produce described in ¶8.

21. Plaintiffs suffered damages in the amount of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees directly resulting from New England Organics' failure to promptly pay.

22. Plaintiffs seek entry of an Order directing New England Organics to pay Plaintiffs, as beneficiaries of the PACA trust, the PACA Trust Assets equal to $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

### COUNT III:  DEFENDANT NEW ENGLAND ORGANICS

<u>**VIOLATION OF PACA: FAILURE TO MAINTAIN PACA
TRUST ASSETS AND CREATION OF COMMON FUND**</u>
*7 U.S.C. §499b(4)*

23. Plaintiffs re-allege ¶¶1 through 22.

24. New England Organics received the shipments of Produce described in ¶8.

25. Plaintiffs properly preserved their trust benefits in accordance with 7 U.S.C. §499e(c)(4).

26. PACA requires New England Organics, as a PACA trustee, to hold the PACA Trust Assets in trust for the benefit of Plaintiffs and all other unpaid suppliers of Produce (if any exist), until all suppliers have received full payment.

27. New England Organics failed to maintain sufficient PACA trust assets to fully satisfy all valid PACA trust claims, including Plaintiffs' claims asserted in this action.

28. Plaintiffs have suffered damages resulting from New England Organics' failure to properly maintain and protect the PACA Trust Assets from dissipation in the amount of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

29. Plaintiffs seek creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order

   A) directing New England Organics to maintain PACA Trust Assets in the amount of $41,238.95, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims;

   B) directing New England Organics to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

   C) enjoining New England Organics from dissipating PACA Trust Assets.

**COUNT IV: DEFENDANT NEW ENGLAND ORGANICS**

**<u>VIOLATION OF PACA: FAILURE TO PAY PROMPTLY</u>**
*7 U.S.C. §499e(c)*

30. Plaintiffs re-allege ¶¶1 through 29.

31. New England Organics received each shipment of Produce described in

¶8.

32.     PACA requires New England Organics to tender full payment promptly to its unpaid suppliers of Produce.[3]

33.     New England Organics failed to pay for the Produce supplied by Plaintiffs within the payment terms.

34.     Plaintiffs have incurred damages in the amount of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees directly resulting from New England Organics' failure to pay each invoice within terms.

35.     Plaintiffs seek an Order directing New England Organics to immediately pay them the sum of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V:  DEFENDANT NEW ENGLAND ORGANICS

## BREACH OF CONTRACT

36.     Plaintiffs re-allege ¶¶1 through 35.

37.     As described in ¶8, Plaintiffs entered into contracts with New England Organics for the purchase and sale of Produce.

38.     New England Organics breached those contracts by failing to pay Plaintiffs for the Produce received.

39.     Plaintiffs have incurred damages in the amount of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees resulting from New England Organics' breach of contract.

---

[3] 7 C.F.R. §46.2(aa).

40. Plaintiffs seek entry of a Judgment in their favor and against New England Organics in the amount of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

### COUNT VI: E. FABIO, F. FABIO, AND FORD

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

41. Plaintiffs re-allege ¶¶1 through 40.

42. E. Fabio, F. Fabio, and Ford (the "Individual Defendants") were the officers, directors, shareholders or employees of New England Organics.

43. The Individual Defendants had full knowledge and responsibility for New England Organics operations and financial dealings, and had duties to ensure that New England Organics fulfilled its duties as trustee of the PACA trust.

44. The Individual Defendants each had a duty to ensure that New England Organics maintain enough PACA Trust Assets to pay all PACA trust beneficiaries as those amounts became due.

45. New England Organics breached its fiduciary duty to maintain sufficient PACA Trust Assets.

46. The Individual Defendants breached their respective fiduciary duties by failing to ensure that New England Organics fulfill its duties as PACA trustee.

47. Plaintiffs have incurred damages in the amount of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees directly resulting from the Individual Defendants' respective breaches of their fiduciary duties.

48. Accordingly, Plaintiffs seek entry of a Judgment in their favor and against

the Individual Defendants - jointly and severally - in the amount of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

### COUNT VII:  E. FABIO, F. FABIO, AND FORD

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

49. Plaintiffs incorporate ¶¶1 through 48.

50. New England Organics is a Massachusetts corporation whose officers were the Individual Defendants.

51. Plaintiffs believe that PACA Trust Assets were transferred by New England Organics to the Individual Defendants.

52. Any transfers of PACA Trust Assets by New England Organics to the Individual Defendants are a breach of the PACA trust.

53. The Individual Defendants must hold any PACA Trust Assets having come into their possession as trustees for Plaintiffs' benefit.

54. Because the Individual Defendants received and retained PACA Trust Assets from New England Organics, Plaintiffs have been damaged in the amount of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies they receive from the PACA Trust Assets.

55. Accordingly, Plaintiffs seek entry of an Order directing the Individual Defendants to disgorge any and all PACA Trust Assets that come into their possession and control to Plaintiffs to the extent of $41,238.95, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies Plaintiffs receive

from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiffs respectfully request the entry of an Order providing as follows:

A) On Count I, an Order declaring that Plaintiffs hold valid PACA trust claims in the amount of $41,238.95 against New England Organics, and that their valid PACA trust claim includes interest from the date each invoice became past due, costs and attorneys' fees.

B) On Count II, an Order directing New England Organics to immediately pay to Plaintiffs PACA Trust Assets equal to the sum of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

C) On Count III, creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing New England Organics to maintain PACA Trust Assets in the amount of $41,238.95, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, directing New England Organics to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining New England Organics from dissipating PACA Trust Assets.

D) On Count IV, an Order directing New England Organics to immediately pay Plaintiffs the sum of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees.

E) Enter Final Judgment in favor of Plaintiffs and against New England Organics on Counts I through V, in the amount of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees;

F) On Count VI, an Order entering judgment in favor of Plaintiffs and against the Individual Defendants – jointly and severally - in the amount of $41,238.95, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets;

G) On Count VII, an Order requiring the Individual Defendants to disgorge any PACA Trust Assets in their individual possession and control to Plaintiffs to the extent of $41,238.95, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies

Plaintiffs receive from the PACA Trust Assets; and

H) Providing further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted this 18th day of December, 2009.

**Of Counsel:**

Steven M. De Falco
*(Pro Hac Vice forthcoming)*
*Fla. Bar No. 0733571*
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL  34109
Telephone: (239) 513-9191
Facsimile:  (239) 513-9677
sdefalco@meuerslawfirm.com

By:   /s/Ryan C. Siden, Esq.
Ryan C. Siden, Esq.
Siden & Associates, P.C.
20 Park Plaza, Suite 804
Boston, MA  02116
Telephone:  (617) 423-5999
Facsimile:  (617) 423-4855
rsiden@sidenlaw.com

*Attorneys for Plaintiffs*